KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (*pro hac vice*)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

Counsel for Debtors and Debtors-In-Possession
Hashfast Technologies LLC and HashFast LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company,<br><br>　　Debtor and Debtor-In-Possession<br><br>☒ Affects HASHFAST LLC, a Delaware limited liability company,<br><br>　　Debtor and Debtor-In-Possession | Case No. 14-30725<br><br>(Substantively Consolidated with In re HashFast LLC, Case No. 14-30866)<br><br>Chapter 11 |
| HASHFAST TECHNOLOGIES LLC, a California limited liability company, and HASHFAST LLC, a Delaware limited liability company,<br><br>　　Plaintiffs,<br><br>vs.<br><br>MARC A. LOWE, an individual, *aka* Cypherdoc and/or Cipherdoc, | Adversary Case No. 15-03011<br><br>**DECLARATION OF VICTOR DELAGLIO IN SUPPORT OF MOTION FOR ISSUANCE OF RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT**<br><br>Hearing:<br>Date:　TBD<br>Time:　TBD |

1

| | |
|---|---|
| DEFENDANT. | ) Place: Courtroom 22<br>) U.S. Bankruptcy Court<br>) 235 Pine Street<br>) San Francisco, CA 94104<br>) |

I, Victor Delaglio, hereby declare under penalty of perjury,

1. I am a Director at Province, Inc., and I am assisting the Chief Restructuring Officer ("CRO") of HashFast Technologies LLC ("HashFast Technologies") and HashFast LLC ("HashFast" and, together with HashFast Technologies, the "Debtors").

2. This Declaration is submitted in connection with the Debtors' Motion for Issuance of Writ of Attach Order and Writ of Attachment (the "Motion") filed in connection with the Debtors' complaint to avoid and recover preferential and fraudulent transfers against Marc Lowe (the "Defendant"). I make this declaration based on my own personal knowledge of the facts. If called upon, I would testify as set forth herein.

3. Prior to the commencement of the above-captioned bankruptcy cases (collectively, the "Bankruptcy Cases"), the Debtors were engaged in the business of designing, manufacturing, and selling special purpose semiconductors and computers utilized to "mine" BTC.

4. Attached hereto as Exhibit A is a true and correct copy of that certain MOU entered into by and between the Defendant and HFT. By and through the MOU, the Defendant agreed to endorse the Debtors and their products. In exchange for these services, the Defendant was to receive ten percent (10%) of the base sale price (i.e., gross sale proceeds) in BTC for the first 550 BabyJets sold by the Debtors. According to the MOU, the Defendant was entitled to such payment regardless of whether the endorsement contributed in any way to the sale of any BabyJet. At the time the MOU was executed, HFT was offering the BabyJets for sale with a base price of approximately $5,600 or 56 BTC.

5. On or about August 8, 2013, the Defendant began posting comments regarding HFT and the Debtors' products on Bitcointalk.org under a thread titled "HashFast Endorsement," a true and correct sample of which is attached hereto as Exhibit B.

6. In or about early September 2013, the Debtors pre-sold the first 550 BabyJets.

7. On or about September 4, 2013, the Defendant requested payment in accordance with the MOU. A true and correct copy of the correspondence is attached hereto as Exhibit C.

8. The Debtors directed payments to the Defendant at a Bitcoin wallet specified by the Defendant. A true and correct copy of the correspondence in which the Defendant specifies the BTC wallet for payment is attached hereto as Exhibit D.

9. A true and correct copy of the transaction record of the transfers to the Defendant for the MOU Payment is attached hereto as Exhibit E. With the exception of one BTC, the transferred BTC remain in the Wallet.

10. At or about the time the Defendant was endorsing the Debtors and their products, the Debtors attempted to recruit other persons to provide the same or similar services. A true and correct copy of an example of such correspondence is attached hereto as Exhibit F.

I declare under penalty of perjury that the forgoing is true and correct.

Dated: February 17, 2015

Victor Delaglio