BRIAN E. KLEIN (SBN 258246)
BAKER MARQUART LLP
10990 Wilshire Boulevard, Fourth Floor
Los Angeles, California 90024
Telephone: (424) 652-7800
Facsimile: (424) 652-7850
Email: bklein@bakermarquart.com

DAVID M. POITRAS, APC (SBN 141309)
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567
Email: dpoitras@jmbm.com

Attorneys for Defendant Dr. Marc A. Lowe

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HASHFAST TECHNOLOGIES LLC,<br>a California limited liability company,<br><br>Debtor and Debtor in Possession | Case No. 14-30725<br><br>(Substantively Consolidated with<br>In re HashFast LLC, Case No. 14-30866)<br><br>Chapter 11 |
| ☐ Affects HASHFAST LLC,<br>a Delaware limited liability company,<br><br>Debtor and Debtor in Possession | Adversary Case No. 15-03011 |
| HASHFAST TECHNOLOGIES LLC,<br>a California limited liability company, and<br>HASHFAST LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>MARC A. LOWE, an individual, aka<br>Cypherdoc and/or Cipherdoc,<br><br>Defendant. | **DEFENDANT MARC A. LOWE'S MOTION TO STRIKE AND EVIDENTIARY OBJECTIONS TO THE SUPPLEMENTAL DECLARATION OF VICTOR DELAGLIO**<br><br>**Hearing Date:**<br>Date: April 24, 2015<br>Time: 10:00 a.m.<br>Place: 235 Pine St., 22nd Floor<br>       San Francisco, CA 94104<br>Judge: Honorable Dennis Montali |

**TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE, AND INTERESTED PARTIES:**

## MOTION TO STRIKE AND EVIDENTIARY OBJECTIONS

The Court should not consider the supplemental declaration of Victor Delaglio (the "Supplemental Delaglio Declaration"). (*See* Dkt. No. 26-1.) HashFast submitted the Supplemental Delaglio Declaration with its reply, and it impermissibly contains purported new, non-rebuttal matter. Further, it suffers from fatal evidentiary defects just like Mr. Delaglio's initial declaration. (*See* Dr. Lowe's Motion to Strike, Dkt. No. 20.) HashFast's improper attempt to introduce purported new, non-rebuttal evidence at this late date should be rejected, and the Court should strike the Supplemental Declaration in its entirety.

The Supplemental Delaglio Declaration concerns issues that HashFast bears the initial burden of proof, which HashFast was required to present in its initial motion seeking a writ of attachment. Specifically, the Supplemental Declaration contains three sections of new, non-rebuttal purported evidence, "Evidentiary Foundation", "Debtor Was Insolvent At The Time of The Transfers", and "Debtor Transfer of 3,000 BTCs Was Unreasonably Disproportionate", each of which could have been, and should have been, in HashFast's moving papers. HashFast admits to the non-rebuttal nature of the Supplemental Delaglio Declaration when Mr. Delaglio states in ¶ 2 that his declaration is in "further support" of HashFast's initial motion. Quite simply, the law does not permit this type of non-rebuttal evidence as part of a reply.[1] The Court has the option of either granting a sur-reply or striking the improper supplement. Dr. Lowe does not seek a sur-reply, but requests that the Court strike the Supplemental Delaglio Declaration.[2]

---

[1] *See, e.g., Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (where new evidence is presented in reply, the court should either not consider it or give the non-movant an opportunity to respond); *Sky Capital Group, LLC v. Rojas*, No. 1:09-cv-83, 2010 WL 779561, at *3 n.3 (D. Idaho Mar. 2 2010) (evidence submitted in reply improper where it related to arguments made in opening brief); *Docusign, Inc. v Serift, Inc.*, 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) (striking patentee's evidence on claim construction and irreparable harm offered in reply); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 975-76 (N.D. Cal. Sept. 26 2006) (new evidence offered by plaintiff in reply improper if defendant not given an opportunity to respond).

[2] Dr. Lowe reserves his right to request the chance to submit additional evidence at a later date.

Additionally the Supplemental Delaglio Declaration, like Mr. Delaglio's initial declaration, fails to comply with the Federal Rules of Evidence. Dr. Lowe has three main evidentiary objections.

First, Dr. Lowe objects to ¶¶ 5-13 of the Supplemental Delaglio Declaration on the grounds that the declarant has not laid the foundation for the statements contained in those paragraphs in violation of Federal Rule of Evidence ("FRE") 602. Specifically, Mr. Delaglio relies on hearsay (an unidentified individual (who it is not even stated is a former HashFast employee)) in an attempt to qualify for the business records hearsay exception, FRE 803(6). Since the source of Mr. Delaglio's information is questionable, at best, the Court should not put any trust in Mr. Delaglio's statements that rely on that source, which are ¶¶ 5-13. *See* FRE 803(6)(E).

Second, Dr. Lowe objects to ¶ 10 because it is impermissible speculation, in violation of FRE 602 and 701, when Mr. Delaglio discusses his views on the likelihood of HashFast staying "current with costs of production and meet[ing] delivery expectations."

Third, Dr. Lowe objects to ¶¶ 11 and 13 as improper expert testimony in violation of FRE 702. In those two paragraphs, Mr. Delaglio improperly opines that Dr. Lowe's services were not worth what HashFast paid for them (¶ 11) and that there is no connection between Dr. Lowe's endorsement and HashFast's sales (¶ 13). Mr. Delaglio is not an expert on bitcoin mining hardware, marketing, or sales. The bases for his self-serving opinions (e.g., HashFast's offer to other parties) are woefully inadequate by any measure.

For all of the above reasons, the Court should strike the Supplemental Delaglio Declaration. Dr. Lowe prays for relief in accordance with the foregoing and for such other and further relief the Court deems just and proper.

Respectfully submitted,

BRIAN E. KLEIN
BAKER MARQUART LLP

- and -

Dated: April 21, 2015

DAVID M. POITRAS, APC
JEFFER MANGELS BUTLER & MITCHELL LLP

By: /s/ David M. Poitras
DAVID M. POITRAS APC
Attorneys for Defendant
Dr. Marc A. Lowe