BRIAN E. KLEIN (SBN 258246)
BAKER MARQUART LLP
10990 Wilshire Boulevard, Fourth Floor
Los Angeles, California 90024
Telephone: (424) 652-7800
Facsimile: (424) 652-7850
Email: bklein@bakermarquart.com

DAVID M. POITRAS, APC (SBN 141309)
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567
Email: dpoitras@jmbm.com

Attorneys for Defendant Dr. Marc A. Lowe

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: <br><br> HASHFAST TECHNOLOGIES LLC, <br> a California limited liability company, <br><br> Debtor and Debtor in Possession <br><br> ☐ Affects HASHFAST LLC, <br> a Delaware limited liability company, <br><br> Debtor and Debtor in Possession | Case No. 14-30725 <br><br> (Substantively Consolidated with <br> In re HashFast LLC, Case No. 14-30866) <br><br> Chapter 11 <br> Adversary Case No. 15-03011 |
| HASHFAST TECHNOLOGIES LLC, <br> a California limited liability company, and <br> HASHFAST LLC, a Delaware limited liability <br> company, <br>              Plaintiffs, <br> vs. <br><br> MARC A. LOWE, an individual, aka <br> Cypherdoc and/or Cipherdoc, <br><br>              Defendant. | **ANSWER TO FIRST AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> **Status Conference:** <br> Date: June 17, 2015 <br> Time: 10:00 a.m. <br> Place: 235 Pine St., 22nd Floor <br>       San Francisco, CA 94104 <br> Judge: Honorable Dennis Montali |

Defendant Dr. Marc A. Lowe ("Dr. Lowe"), through his undersigned attorneys, for himself and no other defendant, responds to and answers the First Amended Complaint [Docket No. 24]("FAC") of plaintiffs and debtors and debtors-in-possession HashFast Technologies LLC and HashFast LLC (collectively, "Plaintiffs"), as set forth below. Except to the limited extent expressly admitted below, Dr. Lowe denies each and every allegation, matter, statement, and thing contained in the FAC.

## JURISDICTION

1. In answering paragraph 1 of the FAC, Dr. Lowe admits that the Bankruptcy Court or the United States District Court has jurisdiction over this matter since the matter is related to the above-captioned bankruptcy cases. Dr. Lowe denies each of the remaining allegations stated in paragraph 1 of the FAC.

2. Paragraph 2 of the FAC is comprised of legal conclusions, argument and unsupported conclusory statements for which no answer is necessary. To the extent that the Court determines that an answer is necessary, Dr. Lowe denies the allegations stated in paragraph 2 of the FAC.

3. Dr. Lowe agrees that venue is proper in the Bankruptcy Court but denies that the relevant conduct complained of in the FAC took place in this judicial district.

4. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 4 of the FAC and therefore such allegations are denied.

5. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 5 of the FAC and therefore such allegations are denied.

6. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 6 of the FAC and therefore such allegations are denied.

7. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 7 of the FAC and therefore such allegations are denied.

## BACKGROUND

8. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 8 of the FAC and therefore such allegations are denied.

9. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 9 of the FAC and therefore such allegations are denied.

10. In answering paragraph 10 of the FAC, Dr. Lowe admits: (a) that on or about July 29, 2013 he visited Plaintiffs' headquarters, (b) that during said visit he met with Eduardo de Castro, (c) that on that same day he paid Plaintiffs $36,000.00 for Order #1 of Batch 1 of the BabyJet, and (d) that he paid the $36,000.00 by personal check. Except to the limited extent admitted above, Dr. Lowe denies each and every allegation set forth in paragraph 10 of the FAC.

11. In answering paragraph 11 of the FAC, Dr. Lowe admits: (a) that a Memorandum of Understanding dated August 5, 2013 was executed by him and Plaintiffs (the "MOU"); (b) that he agreed to endorse Plaintiffs' product generally known as the BabyJet; (c) that pursuant to the MOU he was entitled to be paid an amount equal to ten percent (10%) of the base sale price for the first 550 "batch one" BabyJets sold by the Plaintiffs; and (d) that at the time the MOU was executed, Plaintiffs were offering the BabyJet for sale at a base price of approximately $5,600. Except to the limited extent admitted above, Dr. Lowe denies each and every allegation set forth in paragraph 11 of the FAC.

12. In answering paragraph 12 of the FAC, Dr. Lowe admits that he is a medical doctor. Except to the limited extent admitted above, Dr. Lowe denies each and every allegation set forth in paragraph 12 of the FAC.

13. In answering paragraph 13 of the FAC, Dr. Lowe admits that he was asked to join Plaintiffs' board of advisors. Except to the limited extent admitted above, Dr. Lowe denies each and every allegation set forth in paragraph 13 of the FAC.

14. In answering paragraph 14 of the FAC, Dr. Lowe admits that on or about August 8, 2013, he began posting commentary regarding the BabyJet on numerous threads, including Bitcointalk.org under a thread titled "HashFast Endorsement." Dr. Lowe also endorsed Plaintiffs and the BabyJet through numerous email messages and private messages. Except to the limited extent admitted above, Dr. Lowe denies each and every allegation set forth in paragraph 14 of the FAC.

15. In answering paragraph 15 of the FAC, Dr. Lowe is informed and believes that Plaintiffs pre-sold the first 550 BabyJets by August 25, 2013. Dr. Lowe admits that he requested payment in accordance with the MOU. In answering the balance of paragraph 15 of the FAC, Dr. Lowe states that the referenced <u>Exhibit C</u> "speaks for itself" and requires no answer. To the extent that the Court determines that an answer is necessary, except to the limited extent set forth above, Dr. Lowe denies the allegations stated in paragraph 15 of the FAC.

16. In answering paragraph 16 of the FAC, Dr. Lowe admits that Plaintiffs did not make any payment to him pursuant to the MOU until September 5, 2013. Except to the limited extent admitted above, Dr. Lowe denies each and every allegation set forth in paragraph 16 of the FAC.

17. In answering paragraph 17 of the FAC, Dr. Lowe admits that he was paid 3,000 bitcoins for his services rendered in accordance with the express terms of the MOU and that he was paid in the amounts and on the dates stated in paragraph 17 of the FAC. Except to the limited extent admitted above, Dr. Lowe denies each and every allegation set forth in paragraph 17 of the FAC.

18. Dr. Lowe denies the allegations stated in paragraph 18 of the FAC.

19. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 19 of the FAC and therefore such allegations are denied.

20. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 20 of the FAC and therefore such allegations are denied.

21. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 21 of the FAC and therefore such allegations are denied.

22. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 22 of the FAC and therefore such allegations are denied.

23. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 23 of the FAC and therefore such allegations are denied.

24. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 24 of the FAC and therefore such allegations are denied.

25. In answering paragraph 25 of the FAC, Dr. Lowe admits that he requested a refund of $36,000 from Plaintiffs in January 2014 and that he received a refund in the amount of $37,800.00 on or about January 10, 2014. Except to the limited extent admitted above, Dr. Lowe denies each and every allegation set forth in paragraph 25 of the FAC.

26. Dr. Lowe denies the allegations stated in paragraph 26 of the FAC.

## FIRST CLAIM FOR RELIEF

### (AVOIDANCE OF PREFERENTIAL TRANSFERS)

27. Dr. Lowe incorporates by reference his answers to paragraphs 1 through 26 of the FAC as if fully set forth in response to this claim.

28. Paragraph 28 of the FAC is comprised of legal conclusions, argument and unsupported conclusory statements for which no answer is necessary. To the extent that the Court determines that an answer is necessary, Dr. Lowe denies the allegations stated in paragraph 28 of the FAC.

29. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 29 of the FAC and based therefore such allegations are denied.

30. Paragraph 30 of the FAC is comprised of legal conclusions, argument and unsupported conclusory statements for which no answer is necessary. To the extent that the Court determines that an answer is necessary, Dr. Lowe denies the allegations stated in paragraph 30 of the FAC.

31. Paragraph 31 of the FAC is comprised of legal conclusions, argument and unsupported conclusory statements for which no answer is necessary. To the extent that the Court determines that an answer is necessary, Dr. Lowe denies the allegations stated in paragraph 31 of the FAC.

32. Dr. Lowe admits that the referenced refund was paid on or about January 10, 2014 and that January 10, 2014 is within one year of the petition date. Except to the limited extent admitted above, Dr. Lowe denies each and every allegation set forth in paragraph 32 of the FAC.

33. Paragraph 33 of the FAC is comprised of legal conclusions, argument and unsupported conclusory statements for which no answer is necessary. To the extent that the Court determines that an answer is necessary, Dr. Lowe denies the allegations stated in paragraph 33 of the FAC.

34. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 34 of the FAC and based therefore such allegations are denied.

35. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 35 of the FAC and therefore such allegations are denied.

36. Paragraph 36 of the FAC is comprised of legal conclusions, argument and unsupported conclusory statements for which no answer is necessary. To the extent that the Court determines that an answer is necessary, Dr. Lowe denies the allegations stated in paragraph 36 of the FAC.

## SECOND CLAIM FOR RELEIF

### (AVOIDANCE OF FRAUDULENT TRANSFERS)

37. Dr. Lowe incorporates by reference his answers to paragraphs 1 through 36 of the FAC as if fully set forth in response to this claim.

38. Dr. Lowe admits the allegations stated in paragraph 38 of the FAC.

39. Dr. Lowe denies the allegations stated in paragraph 39 of the FAC.

40. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 40 of the FAC and therefore such allegations are denied.

41. Dr. Lowe denies the allegations stated in paragraph 41 of the FAC.

42. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 42 of the FAC and therefore such allegations are denied.

43. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 43 of the FAC and therefore such allegations are denied.

44. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 44 of the FAC and therefore such allegations are denied.

45. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 45 of the FAC and therefore such allegations are denied.

46. Paragraph 46 of the FAC is comprised of legal conclusions, argument and unsupported conclusory statements for which no answer is necessary. To the extent that the Court determines that an answer is necessary, Dr. Lowe denies the allegations stated in paragraph 46 of the FAC.

## THIRD CLAIM FOR RELEIF

### (AVOIDANCE OF FRAUDULENT TRANSFERS (CONSTRUCTIVE FRAUD))

47. Dr. Lowe incorporates by reference his answers to paragraphs 1 through 46 of the FAC as if fully set forth in response to this claim.

48. Dr. Lowe admits the allegations stated in paragraph 48 of the FAC.

49. Dr. Lowe denies the allegations stated in paragraph 49 of the FAC.

50. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 50 of the FAC and therefore such allegations are denied.

51. Dr. Lowe denies the allegations stated in paragraph 51 of the FAC.

52. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 52 of the FAC and therefore such allegations are denied.

53. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 53 of the FAC and therefore such allegations are denied.

54. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 54 of the FAC and therefore such allegations are denied.

55. Paragraph 55 of the FAC is comprised of legal conclusions, argument and unsupported conclusory statements for which no answer is necessary. To the extent that the Court determines that an answer is necessary, Dr. Lowe denies the allegations stated in paragraph 55 of the FAC.

## FOURTH CLAIM FOR RELIEF

## (AVOIDANCE OF FRAUDULENT TRANSFERS (CONSTRUCTIVE FRAUD))

56. Dr. Lowe incorporates by reference his answers to paragraphs 1 through 55 of the FAC as if fully set forth in response to this claim.

57. Dr. Lowe admits the allegations stated in paragraph 57 of the FAC.

58. Dr. Lowe denies the allegations stated in paragraph 58 of the FAC.

59. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 59 of the FAC and therefore such allegations are denied.

60. Dr. Lowe denies the allegations stated in paragraph 60 of the FAC.

61. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 61 of the FAC and therefore such allegations are denied.

62. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 62 of the FAC and therefore such allegations are denied.

63. Dr. Lowe lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 63 of the FAC and therefore such allegations are denied.

64. Paragraph 64 of the FAC is comprised of legal conclusions, argument and unsupported conclusory statements for which no answer is necessary. To the extent that the Court determines that an answer is necessary, Dr. Lowe denies the allegations stated in paragraph 64 of the FAC.

## FIFTH CLAIM FOR RELEIF

## (RECOVERY OF AVOIDED TRANSFERS)

65. Dr. Lowe incorporates by reference his answers to paragraphs 1 through 64 of the FAC as if fully set forth in response to this claim.

66. Paragraph 66 of the FAC is comprised of legal conclusions, argument and unsupported conclusory statements for which no answer is necessary. To the extent that the Court determines that an answer is necessary, Dr. Lowe denies the allegations stated in paragraph 66 of the FAC.

## SIXTH CLAIM FOR RELIEF

### (RECOVERY OF AVOIDED TRANSFERS)

67. Dr. Lowe incorporates by reference his answers to paragraphs 1 through 67 of the FAC as if fully set forth in response to this claim.

68. Paragraph 68 of the FAC is comprised of legal conclusions, argument and unsupported conclusory statements for which no answer is necessary. To the extent that the Court determines that an answer is necessary, Dr. Lowe denies the allegations stated in paragraph 68 of the FAC.

## AFFIRMATIVE AND OTHER DEFENSES

69. Without assuming the burden of proof on any matter for which the burden rests upon Plaintiffs or waiving defenses not raised below that he need not plead at this time, Dr. Lowe asserts the following defenses with respect to the FAC.

### FIRST AFFIRMATIVE DEFENSE

70. The FAC fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

71. The claims alleged in the FAC are barred by the applicable statute(s) of limitations.

### THIRD AFFIRMATIVE DEFENSE

72. The claims alleged in the FAC are barred by the doctrines of waiver and/or laches.

### FOURTH AFFIRMATIVE DEFENSE

73. The claims alleged in the FAC are barred by estoppel.

### FIFTH AFFIRMATIVE DEFENSE

74. The claims alleged in the FAC are barred or reduced by setoff and/or recoupment.

### SIXTH AFFIRMATIVE DEFENSE

75. Plaintiffs may not recover in this action because its damages, if any, are speculative, vague, based on guesswork and conjecture, and are impossible to ascertain or allocate.

## SEVENTH AFFIRMATIVE DEFENSE

76. Dr. Lowe alleges that the transfers at issue in the FAC are not avoidable by Plaintiffs to the extent that such transfer(s) was intended by Plaintiffs and Dr. Lowe to be a contemporaneous exchange for new value given to Plaintiffs and was in fact a substantially contemporaneous exchange, all as more fully set out in 11 U.S.C. § 547(c)(1).

## EIGHTH AFFIRMATIVE DEFENSE

77. Dr. Lowe alleges that the transfers at issue in the Complaint are not avoidable by the Plaintiffs to the extent that such transfer(s) was in payment of a debt incurred by Plaintiffs in the ordinary course of business or financial affairs of Plaintiffs and Dr. Lowe and such transfer(s) was made in the ordinary course of business or financial affairs of Plaintiffs and Dr. Lowe, or the transfer(s) was made according to ordinary business terms, as more fully set out in 11 U.S.C. § 547(c)(2).

## NINTH AFFIRMATIVE DEFENSE

78. Dr. Lowe alleges that the transfers at issue in the FAC are not avoidable by Plaintiffs to the extent that such transfer(s) was to or for the benefit of Dr. Lowe, and after such transfer(s), Dr. Lowe gave new value to or for the benefit of Plaintiffs, and the transfer(s) was not secured by an otherwise unavoidable security interest, and on account of which new value Plaintiffs did not make an otherwise unavoidable transfer to or for the benefit of Dr. Lowe, all as more fully set out in 11 U.S.C. § 547(c)(4).

## TENTH AFFIRMATIVE DEFENSE

79. The claims alleged in the FAC are barred, in whole or in part, by California Civil Code §§ 3439.04(a)(2) and 3439.06 and 11 U.S.C. § 548(a)(1)(B), in that the Plaintiffs will be unable to prove: (a) that Plaintiffs received less than reasonably equivalent value in exchange for the alleged transfers; (b) that Plaintiffs were insolvent when the alleged transfers were made, were rendered insolvent as a result of the alleged transfers, possessed unreasonably small capital, or intended or believed they would incur debts beyond their ability to pay such debts as they matured; or (c) that Plaintiffs were engaged, or about to engage, in a business or transaction for which their remaining property would constitute unreasonably small capital.

## ELEVENTH AFFIRMATIVE DEFENSE

80. The claims alleged in the FAC are barred, in whole or in part, because of the statutory savings clauses in 11 U.S.C. § 550(b) and relevant provisions of the Uniform Fraudulent Transfer Act under California law. Specifically, Dr. Lowe took the alleged transfers in good faith without knowledge of their alleged avoidability.

## TWELFTH AFFIRMATIVE DEFENSE

81. The claims alleged in the FAC are barred, in whole or in part, because of 11 U.S.C. § 548(c) and relevant provisions of the Uniform Fraudulent Transfer Act under California law. Specifically, Dr. Lowe took the alleged transfers in good faith for value and has a lien on or may retain any interest transferred.

## DEFENSES RESERVED

82. Dr. Lowe has alleged the affirmative defenses of which he is currently aware. Dr. Lowe may become aware of additional affirmative defenses available to him after further discovery and/or investigation. Accordingly, Dr. Lowe reserves the right to assert additional affirmative defenses once such defenses have been fully ascertained.

**BASED UPON THE FOREGOING,** Dr. Lowe prays for judgment against Plaintiffs as follows:

    A.    That Plaintiffs take nothing by way of the FAC;

    B.    That Dr. Lowe be awarded his costs of suit incurred herein including attorneys' fees; and

    C.    That Dr. Lowe be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted,

BAKER MARQUART LLP
BRIAN E. KLEIN

- and -

Dated: May 28, 2015

JEFFER MANGELS BUTLER & MITCHELL LLP
DAVID M. POITRAS, APC

By: /s/ David M. Poitras
    DAVID M. POITRAS APC
    Attorneys for Defendant,
    Dr. Marc A. Lowe

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Federal Rule of Bankruptcy Procedure 9015, and B.L.R. 9015-2(c) and (e), Dr. Lowe demands a trial by jury in this action of all issues so triable. Dr. Lowe consents to have the jury trial conducted by the Bankruptcy Court and consents to the entry of a final order or judgment by the Bankruptcy Court.

Respectfully submitted,

BAKER MARQUART LLP
BRIAN E. KLEIN

- and -

Dated: May 28, 2015

JEFFER MANGELS BUTLER & MITCHELL LLP
DAVID M. POITRAS, APC

By: /s/ David M. Poitras
DAVID M. POITRAS APC
Attorneys for Defendant,
Dr. Marc A. Lowe