Aron M. Oliner (SBN: 152373)
Geoffrey A. Heaton (SBN: 206990)
**DUANE MORRIS LLP**
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, California 94105-1127
Telephone: (415) 957-3000
Facsimile: (415) 957-3001
Email: gheaton@duanemorris.com

Attorneys for Liquidating Trustee
MICHAEL G. KASOLAS

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HASHFAST TECHNOLOGIES LLC, a California limited liability company,<br><br>Debtor. | Case No. 14-30725 DM<br><br>Chapter 11<br><br>(Substantively Consolidated with In re HashFast LLC, Case No. 14-30866) |
| MICHAEL G. KASOLAS, Liquidating Trustee,<br><br>Plaintiff,<br><br>v.<br><br>MARC A. LOWE, an individual, aka Cypherdoc and/or Cipherdoc,<br><br>Defendant. | Adversary Proceeding No. 15-03011 DM<br><br>Date: February 19, 2016<br>Time: 10:00 a.m.<br>Place: 450 Golden Gate Avenue, 16th Floor<br>Courtroom 17<br>San Francisco, CA 94102 |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

DM3\3732597.2 R2495/00001

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT - ADVERSARY PROCEEDING NO. 15-03011 DM**

Case: 15-03011  Doc# 42-1  Filed: 01/22/16  Entered: 01/22/16 11:20:26  Page 1 of 13

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 3 |
| III. | STANDARD FOR SUMMARY JUDGMENT | 3 |
| IV. | DISCUSSION | 4 |
| | A. There Are No Material Facts in Dispute. | 4 |
| | B. Bitcoin Is a Commodity, Not Mere Currency. | 4 |
| | C. Under Section 550(a), the Estate is Entitled to Either the Bitcoin or the Value of the Bitcoin at the Transfer Date or Time of Recovery, Whichever is Greater. | 6 |
| | D. The Few Anti-Money Laundering Cases Addressing Bitcoin Are Inapplicable. | 7 |
| | E. Even If the Court Determines that Bitcoin Are Currency, and Not a Commodity, the Court Should Still Award Either the Bitcoin or Their Value at the Transfer Date or Time of Recovery, Whichever is Greater. | 8 |
| V. | CONCLUSION | 9 |

DUANE MORRIS LLP
SAN FRANCISCO

DM3\3732597.2 R2495/00001

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT – ADVERSARY PROCEEDING NO. 15-03011-DM

Case: 15-03011    Doc# 42-1    Filed: 01/22/16    Entered: 01/22/16 11:20:26    Page 2 of 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Anderson v. Liberty Lobby, Inc.,
   477 U.S. 242, 106 S.Ct. 2505 (1986) ............................................................................... 4

Federal Savings Bank v. Thacker (In re Taylor),
   599 F.3d 880 (9th Cir. 2010) .......................................................................................... 6

Heller Ehrman LLP v. Jones Day (In re Heller Ehrman),
   2014 Bankr. LEXIS 382 (Bankr. N.D. Cal., Jan. 29, 2014) ..................................... 1-2, 6

Joseph v. Madray (In re Brun),
   360 B.R. 669 (Bankr. C.D. Cal. 2007) ............................................................................ 6

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,
   475 U.S. 574, 106 S.Ct. 1348 (1986) ............................................................................. 4

Sanders v. Hang (In re Hang),
   2007 Bankr. LEXIS 2836 (Bankr. E.D. Cal., Aug. 16, 2007) ........................................ 6

United States of America v. Day,
   700 F.3d 713 (4th Cir. 2012) .......................................................................................... 7

United States of America v. Ulbricht,
   31 F. Supp. 3d 540, 570 (S.D.N.Y. 2014) ...................................................................... 7

United States of American v. Faiella,
   39 F. Supp. 3d 544, 545 (S.D.N.Y. 2014) ...................................................................... 7

**Statutes**

7 U.S.C. § 1a(9) ...................................................................................................................... 5

18 U.S.C. § 1960 .................................................................................................................... 7

11 U.S.C. § 544 ...................................................................................................................... 3

11 U.S.C. § 548 ...................................................................................................................... 3

11 U.S.C. § 550(a) ........................................................................................................ *passim*

California Civil Code § 3439 ................................................................................................. 3

Commodities Exchange Act ................................................................................................... 4

Fed. R. Bankr. P. 7056 ........................................................................................................... 3

DUANE MORRIS LLP
SAN FRANCISCO

DM3\3732597.2 R2495/00001     ii

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT – ADVERSARY PROCEEDING NO. 15-03011-DM**

Case: 15-03011    Doc# 42-1    Filed: 01/22/16    Entered: 01/22/16 11:20:26    Page 3 of 13

Fed. R. Civ. P. 56 ................................................................................................................. 3

**Other Authorities**

11 Moore's Civil Practice, § 56.122[1] ............................................................................... 4

DM3\3732597.2 R2495/00001

iii

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT - ADVERSARY PROCEEDING NO. 15-03011-DM**

Case: 15-03011   Doc# 42-1   Filed: 01/22/16   Entered: 01/22/16 11:20:26   Page 4 of 13

Plaintiff and liquidating trustee Michael G. Kasolas ("Trustee") respectfully submits this Memorandum of Points and Authorities in support of the Trustee's Motion for Partial Summary Judgment ("Motion"), and represents as follows:

## I. INTRODUCTION

By the captioned adversary proceeding, the Trustee seeks to avoid and recover 3,000 bitcoin[1] that debtors Hashfast Technologies LLC and Hashfast LLC (together, "Debtors") transferred to defendant Marc A. Lowe ("Defendant") in September of 2013. At the time of the transfers, the bitcoin were worth $363,861.43. The price of bitcoin has increased significantly since that time. As a result, those 3,000 bitcoin are now worth (at this writing) approximately <u>$1.3 million</u>.

Section 550(a) of the Bankruptcy Code permits a trustee, once a transfer has been avoided, to recover, for the benefit of the estate, either the property transferred or the value of the property. Typically, when currency is transferred, there is no question over the form of recovery: avoidance of a $100 transfer leads to a $100 recovery.[2] However, when other types of property are transferred, the form of recovery becomes relevant, since the property could increase or decrease in value following the transfer.

To that end, section 550(a) is designed to place a bankruptcy estate in the financial position it would have enjoyed had a transfer not occurred, and allows a court, in its discretion, to award a trustee the property transferred or its value, including, as this Court previously pointed out, "the value … measured at the time of recovery where the property naturally increases in value." <u>Heller</u>

---

[1] The term "bitcoin" encompasses both the singular and plural.

[2] The common meaning of currency is "something (as coins, treasury notes, and banknotes) that is in circulation as a medium of exchange: paper money in circulation: a common article for bartering." <u>See</u> http://www.merriam-webster.com/dictionary/currency.

DM3\3732597.2 R2495/00001  1
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT - ADVERSARY PROCEEDING NO. 15-03011 DM

Case: 15-03011   Doc# 42-1   Filed: 01/22/16   Entered: 01/22/16 11:20:26   Page 5 of 13

Ehrman LLP v. Jones Day (In re Heller Ehrman), 2014 Bankr. LEXIS 382, *25-26 (Bankr. N.D. Cal., Jan. 29, 2014).

In this instance, it is true that bitcoin are described as a "virtual currency" and, in certain circumstances (illicit or otherwise), are accepted as a medium of exchange. Nonetheless, in practice, bitcoin operate as something other than mere currency. Bitcoin are a commodity, like gold, silver or pork bellies, that fluctuates in price based upon market conditions. This is the position of the U.S. Commodity Futures Trading Commission ("CFTC"), which recently issued an order finding that bitcoin are a commodity covered by the Commodity Exchange Act. The Internal Revenue Service ("IRS") likewise has issued a formal notice stating that bitcoin are property, not currency, with the result that taxes must be paid on gains arising from the sale of bitcoin.

The Motion is directed to the narrow and purely legal issue of whether bitcoin constitute mere currency, i.e., the equivalent of dollar bills, or are a commodity. For reasons discussed below, this Court, consistent with recent decisions by the CFTC and IRS, should rule that bitcoin are not currency for purposes of recovery under section 550(a), but rather a commodity that, like any commodity, can rise or fall in value.

Accordingly, the Court should grant the Motion and enter an order directing that if the subject transfers are avoided, the estate's recovery shall be either the 3,000 bitcoin themselves or the value of those bitcoin at the transfer date or time of recovery, whichever is greater. This result is consistent with both established Ninth Circuit law and section 550(a)'s purpose of restoring the estate to the financial condition it would have enjoyed had the transfers not occurred. To find otherwise would ignore section 550's clear mandate and deny creditors of the estate a million dollars in post-transfer appreciation.

///

///

DUANE MORRIS LLP
SAN FRANCISCO

DM3\3732597.2 R2495/00001

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT - ADVERSARY PROCEEDING NO. 15-03011 DM

Case: 15-03011    Doc# 42-1    Filed: 01/22/16    Entered: 01/22/16 11:20:26    Page 6 of 13

## II. FACTUAL BACKGROUND

As set forth in the First Amended Complaint [Docket No. 24] ("FAC"), the Debtors transferred 3,000 bitcoin to the Defendant between September 5, 2013 and September 23, 2013. FAC at ¶ 17.[3] A true and correct copy of the FAC, without exhibits, is attached as **Exhibit A** to the Request for Judicial Notice ("RJN"), filed herewith. The FAC seeks to avoid the bitcoin transfers under Bankruptcy Code sections 548 and 544 and California Civil Code section 3439, and recover the bitcoin, or the value of the bitcoin, for the benefit of the estate.[4] See FAC at pp. 9-13 (RJN, Exhibit A).

On May 29, 2015, the Defendant filed an answer to the FAC [Docket No. 33]. RJN, **Exhibit B**. While the Defendant denies many of the allegations in the FAC, he does not dispute that the Debtors transferred 3,000 bitcoin to him in the amounts and on the dates alleged in the FAC. See Answer at ¶ 17 (RJN, Exhibit B).

As mentioned, the Motion is not directed to avoidance of the bitcoin transfers, but rather to the discrete legal issue of whether, once avoided, the bitcoin constitute mere currency – the equivalent of dollars – or a commodity which can rise or fall in value based upon changing market conditions. As discussed below, the latter interpretation is the correct one, as it comports with both the CFTC's and IRS's rulings, and fulfills section 550(a)'s rationale of restoring the estate to the financial condition it would have enjoyed had the transfers not occurred.

## III. STANDARD FOR SUMMARY JUDGMENT

Fed. R. Civ. P. 56, as incorporated through Fed. R. Bankr. P. 7056, provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any

---

[3] The initial complaint and FAC were filed by the Debtors as debtors-in-possession. The Trustee substituted in as party plaintiff pursuant to a Notice of Substitution of Plaintiff and Appearance of Counsel, filed September 11, 2015 [Docket No. 38].

[4] Although not relevant to the Motion, the FAC also seeks to avoid as a preference a separate $37,800 payment made to the Defendant.

DUANE MORRIS LLP
SAN FRANCISCO

DM3\3732597.2 R2495/00001      3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT - ADVERSARY PROCEEDING NO. 15-03011 DM

Case: 15-03011    Doc# 42-1    Filed: 01/22/16    Entered: 01/22/16 11:20:26    Page 7 of 13

material fact and the movant is entitled to judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510 (1986).

A dispute about a material fact is genuine if there is sufficient evidence for a reasonable trier of fact to find for the non-moving party. Id. at 248. The non-moving party must come forward with "specific facts" showing that there is a genuine issue for trial and "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356 (1986).

Moreover, Rule 56(a) expressly provides for partial summary judgment, thus allowing parties to move for summary judgment, or "summary adjudication," on fewer than all claims in an action. 11 Moore's Civil Practice, § 56.122[1] (Matthew Bender 3d Ed.)

## IV. DISCUSSION

### A. There Are No Material Facts in Dispute.

The Motion is directed to single legal issue: whether the transferred bitcoin constitute currency or a commodity for purposes of determining the available forms of recovery under section 550(a). There are no disputed material facts related to this issue, since there is no dispute that the Debtors transferred 3,000 bitcoin to the Defendant in September of 2013 as alleged in the FAC. See RJN, **Exhibit A** at ¶ 17, **Exhibit B** at ¶ 17.

### B. Bitcoin Is a Commodity, Not Mere Currency.

There is no published case law on whether bitcoin constitute currency for purposes of section 550(a). However, two different government entities, the CFTC and IRS, recently addressed whether bitcoin constitute currency, both coming down squarely on the side of "not currency." On September 17, 2015, the CFTC issued an order finding that bitcoin and other so-called "virtual currencies" are commodities subject to regulation under the Commodities Exchange Act ("CEA"). See RJN, **Exhibit C** at p. 3, **Exhibit D**. Commodities under the CEA include wheat, cotton, rice,

DUANE MORRIS LLP
SAN FRANCISCO

DM3\3732597.2 R2495/00001

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT - ADVERSARY PROCEEDING NO. 15-03011 DM

Case: 15-03011    Doc# 42-1    Filed: 01/22/16    Entered: 01/22/16 11:20:26    Page 8 of 13

corn, oats, barley, and many other types of crops and farm products, as well as "all other goods and articles" and "all services, rights, and interests … in which contracts for future delivery are presently or in the future dealt in." See 7 U.S.C. § 1a(9).

In making its ruling, the CFTC noted that Bitcoin, as a virtual currency, "does not have legal tender status in any jurisdiction." See **Exhibit C** at p. 2, n. 2. Moreover, "Bitcoin and other virtual currencies are distinct from 'real' currencies, which are the coin and paper money of the United States or another country that are designated legal tender, circulate, and are customarily used and accepted as a medium of exchange in the country of issuance." Id.

Similarly, in 2014 the IRS issued a notice entitled IRS Virtual Currency Guidance ("Notice"). See RJN, **Exhibit E**. In the Notice, the IRS, like the CFTC, noted that virtual currency "may be used to pay for goods or services, or held for investment … but [ ] does not have legal tender status in any jurisdiction." Id. at Section 2. The IRS concluded that for federal tax purposes, virtual currency such as bitcoin "is treated as property[,]" with the result that gains realized through a sale or exchange of bitcoin are a taxable event. See RJN, **Exhibit E** at Section 4, Q-1 and Q-6. The IRS also clarified that virtual currency "is not treated as currency that could generate foreign currency gain or loss for U.S. federal tax purposes." Id. at Section 4, Q-2.

The upshot of the CFTC and IRS determinations is that bitcoin are not currency, but rather a commodity (or, in the case of the IRS, non-currency property) that can rise or fall in price based upon supply and demand. To be sure, bitcoin can also serve as a medium of exchange, as can commodities such as gold and silver. However, unlike a transfer of $3,000, a transfer of 3,000 bitcoin is a transfer of property capable of increasing in value. Under well-established Ninth Circuit law, a post-transfer increase in value should inure to the benefit of creditors and the estate.

///

///

DM3\3732597.2 R2495/00001 5
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT - ADVERSARY PROCEEDING NO. 15-03011 DM

Case: 15-03011    Doc# 42-1    Filed: 01/22/16    Entered: 01/22/16 11:20:26    Page 9 of 13

### C. Under Section 550(a), the Estate is Entitled to Either the Bitcoin or the Value of the Bitcoin at the Transfer Date or Time of Recovery, Whichever is Greater.

Section 550(a) gives a trustee two alternative remedies following avoidance of a transfer: recovery of the property transferred or the value of the property. Federal Savings Bank v. Thacker (In re Taylor), 599 F.3d 880, 889-90 (9th Cir. 2010). A court has discretion over which remedy to award. Id. at 890. The purpose of section 550(a) is "to restore the estate to the financial condition it would have enjoyed if the transfer had not occurred." Id., quoting Aalfs v. Wirum (In re Straightline Invs., Inc.), 525 F.3d 870, 883 (9th Cir. 2008). To that end, a bankruptcy court "has discretion on how to value … property so as to put the estate in its pre-transfer position." Id., citing Joseph v. Madray (In re Brun), 360 B.R. 669, 674 (Bankr. C.D. Cal. 2007).

In Brun, Judge Ryan noted that under section 550(a) a trustee is entitled "to recover the greater of the value of the transferred property *at the transfer date or the value at the time of recovery*." 360 B.R. at 674 (emphasis added, internal quotes and citations omitted). This result makes sense, Judge Ryan explained, because it "is consistent with the well-established purpose of § 550, to restore the estate to the position it would have occupied had the property not been transferred." Id. at 674-75. Moreover, the court pointed to section 550(e) as evidence of "the intent of Congress that any appreciation not attributable to the actions of a good faith transferee inure to the benefit of the estate. Id. at 675.

As noted in the Introduction, this Court, relying on the Ninth Circuit's Taylor decision, is in accord with Brun: "Certainly, courts can award the value of the property measured at the time of recovery where the property naturally increases in value." Heller Ehrman, 2014 Bankr. LEXIS 382 at *25-26; see also Sanders v. Hang (In re Hang), 2007 Bankr. LEXIS 2836, *15-16 (Bankr. E.D. Cal., Aug. 16, 2007) (under section 550(a), "The Trustee is entitled to recover the 'greater of the value of the transferred property at the transfer date or the value at the time of recovery.'" (citations omitted))

DUANE MORRIS LLP
SAN FRANCISCO

DM3\3732597.2 R2495/00001

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT - ADVERSARY PROCEEDING NO. 15-03011 DM

Case: 15-03011    Doc# 42-1    Filed: 01/22/16    Entered: 01/22/16 11:20:26    Page 10 of 13

The law on recovery under section 550(a) is well-settled and indisputable. The Court should grant the Motion and enter an order directing that, if the transfers are avoided, the estate is entitled to recover either the 3,000 bitcoin or the value of the bitcoin measured at the transfer date or the time of recovery, whichever is greater.

### D. The Few Anti-Money Laundering Cases Addressing Bitcoin Are Inapplicable.

A few decisions in the criminal law realm have found that bitcoin fall within the definition of "money" or "funds" under the anti-money laundering statute, 18 U.S.C. § 1960. See, e.g., United States of American v. Faiella, 39 F. Supp. 3d 544, 545 (S.D.N.Y. 2014). These cases are inapposite, as the money laundering statute is concerned with shutting down criminal enterprises, and so defines the terms "funds" and "money" as broadly as possible. As the court explained in Faiella:

> Section 1960 was … designed to prevent the movement of funds in connection with drug dealing. Congress was concerned that drug dealers would turn increasingly to nonbank financial institutions to convert street currency into monetary instruments in order to transmit the proceeds of their drug sales. Indeed, it is likely that Congress designed the statute to keep pace with such evolving threats, which is precisely why it drafted the statute to apply to any business involved in transferring 'funds … by any and all means.' 18 U.S.C. § 1960(b)(2).

39 F. Supp. 3d at 545-46 (internal quotes and citations omitted).

Section 1960 is designed to be as inclusive as possible in defining "money" and "funds" so as to achieve the statute's ends. In fact, not just bitcoin, but gold itself has been held to constitute "funds" under the statute. See United States of America v. Day, 700 F.3d 713, 725-26 (4th Cir. 2012) (holding that gold can constitute "funds" under anti-money laundering statute since it is an asset readily convertible to cash); United States of America v. Ulbricht, 31 F. Supp. 3d 540, 570 (S.D.N.Y. 2014) ("There is no doubt that if a narcotics transaction was paid for in cash, which was later exchanged for gold, and then converted back to cash, that would constitute a money laundering transaction.")

DUANE MORRIS LLP
SAN FRANCISCO

DM3\3732597.2 R2495/00001

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT - ADVERSARY PROCEEDING NO. 15-03011 DM

Case: 15-03011  Doc# 42-1  Filed: 01/22/16  Entered: 01/22/16 11:20:26  Page 11 of 13

The money laundering statutes were designed to include within the definitions of "money" and "funds" virtually every conceivable form of property that can facilitate the movement of money and, hence, criminal activity. Section 550(a) of the Bankruptcy Code, in contrast, has an entirely different goal: placing a bankruptcy estate in the financial position it would have enjoyed had an avoided transfer not occurred, including providing the estate with the benefit of any post-transfer appreciation of the transferred property. Accordingly, the few money laundering cases addressing the status of bitcoin are inapposite.

### E. Even If the Court Determines that Bitcoin Are Currency, and Not a Commodity, the Court Should Still Award Either the Bitcoin or Their Value at the Transfer Date or Time of Recovery, Whichever is Greater.

Even if the Court determines that Bitcoin are currency, and not a commodity, it should still grant the Motion and enter an order finding that, if the transfers are avoided, the estate is entitled to recover either the 3,000 bitcoin or the value of the bitcoin measured at the transfer date or time of recovery, whichever is greater. That is to say, if the Court determines that bitcoin are currency indistinguishable in form, purpose and use from any legal tender, then the Court should, at the least, treat bitcoin as a currency different from the dollar.

For example, if the Debtors had transferred 3,000 euros to the Defendant, and the price of the euro increased relative to the dollar in the months between transfer and recovery, the estate should be entitled to either the euros or the value of the euros in (U.S.) dollars as of the date of recovery. Under Taylor, this would restore the estate to the financial condition it would have enjoyed if the transfer had not occurred. The result should be no different where the transferred "currency" is a virtual one. Upon avoidance of the transfers, the estate should be entitled to recover the 3,000 bitcoin or their value as of the transfer date or the time of recovery, whichever is greater.

///

///

DUANE MORRIS LLP
SAN FRANCISCO

DM3\3732597.2 R2495/00001

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT - ADVERSARY PROCEEDING NO. 15-03011 DM

Case: 15-03011    Doc# 42-1    Filed: 01/22/16    Entered: 01/22/16 11:20:26    Page 12 of 13

## V. CONCLUSION

For all the foregoing and proper reasons, the Court should grant the Motion and enter an order finding that for purposes of recovery under section 550(a) bitcoin are a commodity, not currency, and directing that if the subject transfers are avoided the estate is entitled to either the 3,000 bitcoin or the value of the bitcoin as of the transfer date or time of recovery, whichever is greater.

Dated: January 22, 2016                         **DUANE MORRIS LLP**

By: /s/ Geoffrey A. Heaton (206990)
    Geoffrey A. Heaton
    Attorneys for Plaintiff and Liquidating
    Trustee, MICHAEL G. KASOLAS

DM3\3732597.2 R2495/00001

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT - ADVERSARY PROCEEDING NO. 15-03011 DM

Case: 15-03011   Doc# 42-1   Filed: 01/22/16   Entered: 01/22/16 11:20:26   Page 13 of 13

DUANE MORRIS LLP
SAN FRANCISCO